POLEN, Judge.
Appellant William Freeman appeals an order on remand from this court, placing him on a new twelve-month probation term. He contends it unlawfully extended the original termination date of his probation. We agree and reverse.
On January 13, 1992, Freeman pled guilty' to an arson charge and was sentenced to two years probation. On May 26,1992, Freeman was found to have violated his probation by committing. the offense of loitering and prowling. As a result, his probation was revoked, and he was sentenced to 364 days in jail. Subsequently, this court in Freeman v. State, 617 So.2d 432 (Fla. 4th DCA 1993), reversed the trial court’s order of revocation and remanded with directions to reinstate Freeman’s probation. On June 10, 1993, Freeman’s probation was reinstated in accordance with this court’s mandate, but he received an additional twelve months probation. This sentence effectively credited Freeman for more than three months he was on probation, and the eight months he served in county jail on the alleged violation-of probation. Freeman objected to this sentence as it extended beyond the original probation termination date of January 13, 1994, to June 10, 1994.
We hold that the trial court erred in resen-tencing Freeman to an additional year of probation, after he already spent time on probation, as well as eight months in jail[1], for a violation that he did not. actually commit. Because Freeman actually served a harsher sentence due to the time he spent in jail, and would have been discharged January 10, 1994 but for the unfounded violation of probation charge, we find that he should be discharged as to this case immediately upon the issuance of this mandate.
WARNER and PARIENTE, JJ., concur.

. Although appellant does not specifically argue this, he probably was entitled to credit for 364 days in jail. We assume he only served eight months due to gain time.