PER CURIAM.
Wallace S. Seders appeals the revocation of his probation. We affirm the revocation, but strike the findings regarding several probation conditions.
Seders contends that he cannot be found to have violated the conditions requiring payment of certain costs because the payment schedule was established by the probation officer, not by the court. We agree. “The establishment of a payment schedule for court costs is a judicial responsibility that cannot be delegated to a probation officer.” Haygood v. State, 687 So.2d 318, 319 (Fla. 4th DCA 1997). See also McClough v. State, 669 So.2d 1099 (Fla. 5th DCA 1996); Moore v. State, 623 So.2d 795 (Fla. 1st DCA 1993). Therefore, we conclude that the trial court erred by finding that Seders violated conditions J, L, T and U by failing to meet the payment schedule imposed by the probation officer. Nevertheless, because the evidence does support the findings that Seders violated conditions 2, N and V, the revocation of probation is affirmed.
Affirmed.
ALTENBERND, A.C.J., and FULMER and QUINCE, JJ., concur.