730 So.2d 803 (1999)
LeRoy McCOY, Appellant,
v.
STATE of Florida, Appellee.
No. 98-00028.
District Court of Appeal of Florida, Second District.
April 7, 1999.
*804 James Marion Moorman, Public Defender, and Douglas S. Connor, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Johnny T. Salgado, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Acting Chief Judge.
LeRoy McCoy appeals an order revoking his community control based on a finding that he violated five conditions. He contends the evidence was insufficient to prove he willfully and substantially violated each of these conditions. We agree and reverse.
The trial court found Mr. McCoy violated three conditions relating to his obligation to pay various costs and to pay $30 per month toward the costs of supervision. The evidence, however, was insufficient to support this finding. The court did not find that Mr. McCoy had the financial ability to pay these costs. See Griffin v. State, 481 So.2d 1312 (Fla. 2d DCA 1986).
There is nothing in the record to establish that the trial court imposed a payment schedule for the costs, other than the costs of supervision. The order imposing community control simply provides that costs totaling $600 were to be paid within twelve months. There is no dispute that twelve months had not elapsed when Mr. McCoy's violation of community control affidavit was filed. Even if we assume the probation officer established a payment schedule for Mr. McCoy, a failure to abide by a payment schedule devised by a probation officer is not sufficient to support a violation. See Seders v. State, 700 So.2d 126 (Fla. 2d DCA 1997). Finally, it appears Mr. McCoy failed to pay his monthly $30 cost because of confusion about when his payments were due, not because of a deliberate act of misconduct. In fact, there is uncontroverted evidence that Mr. McCoy paid $194 toward a restitution amount when he was notified that this payment was due.
Mr. McCoy's other two violations related to his failure to obtain substance abuse and mental health counseling within sixty days after the order imposing community control. Mr. McCoy did not dispute that he failed to comply with these two conditions, but he presented substantial evidence showing he made reasonable efforts to comply with these two conditions and would have been in compliance shortly after the date he was arrested had he not been taken into custody. Although a trial court has broad discretion to determine whether a condition of community control has been violated, the greater weight of the evidence in this case does not support the court's finding that Mr. McCoy willfully and substantially violated these two conditions of his community control.
The trial court originally sentenced Mr. McCoy to one year of community control followed by three years' probation. If the trial court had not revoked Mr. McCoy's community control, he would have completed community control by now and would be on probation. On remand, therefore, the trial court shall give Mr. McCoy credit toward his sentence of community control and probation for the time he has served in jail and prison because of these proceedings. See Freeman v. State, 634 So.2d 1152 (Fla. 4th DCA 1994).
Reversed and remanded.
CASANUEVA, J., and DANAHY, PAUL W., (Senior) Judge, Concur.