PER CURIAM.
In this appeal of the revocation of Appellant’s probation, the State concedes error. The State properly concedes that the failure to pay court costs imposed' in a probation order, in accordance with a payment schedule established by a probation officer, cannot furnish a basis to revoke probation, and the probationer has the entire probation term in which to pay costs. “ ‘The establishment of a payment schedule for court costs is a judicial responsibility that cannot be delegated to a probation officer.’” Seders v. State, 700 So.2d 126 (Fla. 2d DCA 1997) (citation omitted). See Antoine v. State, 684 So.2d 266 (Fla. 4th DCA 1996) (no matter how reasonable the payment schedule may be, or how derelict the probationer in failing to pay under its terms, if such schedule is not imposed by the court, then the probationer has the entire probation term to pay the costs.) See also Smith v. State, 738 So.2d 433 (Fla. 1st DCA 1999); McCoy v. State, 730 So.2d 803 (Fla. 2d DCA 1999).
REVERSED and REMANDED.
BOOTH, WEBSTER and PADOVANO, JJ„ CONCUR.