867 So.2d 608 (2004)
Michael DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-2309.
District Court of Appeal of Florida, Second District.
March 5, 2004.
*609 Victoria L. Bloomer of Escobar, Ramirez & Associates, P.A., Tampa, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Chandra Waite Dasrat, Assistant Attorney General, Tampa, for Appellee.
SILBERMAN, Judge.
Michael Davis appeals the revocation of his community control and argues that the *610 State failed to prove that he willfully and substantially violated the conditions of his community control. We agree and reverse.
Davis was on community control for various crimes when, in February 2002, the State filed an affidavit of violation alleging that he violated several conditions of his community control order. Following an evidentiary hearing, the trial court concluded that Davis violated conditions 8, 12, 38, 39, 40, and 41, and it revoked Davis's community control and sentenced him to prison.
In order to support the revocation of community control, the State must prove that the defendant's violations were willful and substantial. Brown v. State, 813 So.2d 202, 203 (Fla. 2d DCA 2002). The trial court must determine whether the violations were willful and substantial and supported by the greater weight of the evidence or, stated differently, whether the defendant made reasonable efforts to comply with the terms and conditions of community control. See State v. Carter, 835 So.2d 259, 261 (Fla.2002); McCoy v. State, 730 So.2d 803, 804 (Fla. 2d DCA 1999). The defendant's failure to comply does not, in every instance, establish a willful and substantial violation justifying revocation as "[t]here may be circumstances where revocation is patently unfair." Carter, 835 So.2d at 262. The trial court has broad discretion to determine whether there has been a willful and substantial violation, and our review of the trial court's determination is for abuse of discretion. Anthony v. State, 854 So.2d 744, 747 (Fla. 2d DCA 2003).
Concerning condition 8, which required Davis to "work diligently at a lawful occupation and support any dependents to the best of [his] ability," Davis had been working at a restaurant. In September 2001 the restaurant closed and Davis lost his job. Davis obtained employment at another restaurant in December 2001, but he lost that job within one month.
Davis's community control officer filed an affidavit of violation about a month and a half after Davis lost the second job. The affidavit alleged that Davis failed to gain lawful employment as instructed by the officer.
At the revocation hearing, the State failed to present any evidence that Davis had not diligently looked for work between September 2001, after he lost the first restaurant job, and December 2001, when he was hired at the second restaurant. The State also did not establish why Davis left the second restaurant; the community control officer only testified that he was uncertain whether Davis quit or was terminated. The officer acknowledged that Davis sought and obtained permission to look for another job before the affidavit of violation was filed, and Davis successfully obtained another job before an arrest warrant was issued on the alleged violation.
Davis argues, and we agree, that the State failed to establish a knowing and willful violation of condition 8. Davis maintained employment during much of the pertinent time frame addressed by the evidence, and when he was unemployed he searched for and obtained new employment. Because the evidence did not establish a violation, we reverse the trial court's finding of a violation of condition 8. See Taylor v. State, 509 So.2d 1288 (Fla. 3d DCA 1987).
Regarding condition 12, which required Davis to remain at an approved location, the affidavit of violation alleged that on January 30, 2002, Davis was seen at a store when he should have been at the Department of Highway Safety and Motor Vehicles (DMV). The affidavit stated that *611 Davis did not have permission to deviate from his approved schedule.
The evidence presented at the revocation hearing established that on January 30, 2002, Davis had permission to perform a job search between 8 a.m. and 2 or 3 p.m., and he had permission to go to the DMV between 10 a.m. and 2 p.m. to get a new license. At 11:16 a.m., a community control officer observed Davis start to enter a music store, and he notified Davis's supervising officer.
The supervising officer testified that Davis's permission to go to the DMV took precedence over his performing a job search; however, the officer could not recall whether he had ever told this to Davis. The officer also could not recall whether he had ever discussed with Davis what to do if two activities overlapped on the schedule. Finally, the officer could not recall whether he had ever asked Davis where he had gone on January 30, 2002, or whether he had asked Davis for any explanation regarding what had happened on that date.
Davis correctly argues that the evidence does not support the finding of a violation of condition 12. At the time in question, Davis had permission to search for a job and to go to the DMV. The State did not establish whether Davis went to the DMV, failed to go to the DMV, finished his task at the DMV and returned to his job search, or failed to undertake the job search. Moreover, there was no evidence that Davis was doing anything that was not authorized or that he was instructed to remain at the DMV during the entire period from 10 a.m. until 2 p.m. Because the State did not establish a violation of condition 12, the trial court's finding of a violation of that condition is reversed.
Concerning conditions 38, 39, 40, and 41, which required Davis to pay certain court-ordered costs, the State established that Davis was in arrears in paying those costs. Davis's supervising officer testified that in his view, a person who is able to get a job has the ability to pay. He stated that Davis was to pay a certain amount each month, but he acknowledged that Davis had until the end of his supervision to fully pay the costs. The State presented no other evidence concerning Davis's ability to make the required payments.
Davis's mother testified on his behalf. She stated that Davis was not earning enough money to pay his bills for living expenses, including his child support obligations, and that she was helping him pay his bills. She testified that after the affidavit of violation was filed, she paid some of the court-ordered costs that Davis owed.
Davis again argues that the State failed to establish any willful violation of the conditions of community control. We agree. Evidence that a defendant has failed to make required payments is, by itself, insufficient to support a revocation of community control. The State must also present evidence establishing that the defendant was able to pay in order to demonstrate the willful nature of the violation. See Glasier v. State, 849 So.2d 444, 445 (Fla. 2d DCA 2003); McCoy, 730 So.2d at 804.
Here, not only did the State fail to establish that Davis had the financial ability to pay the court-awarded costs but also Davis presented evidence demonstrating that he lacked the financial ability to pay the costs. See Hanania v. State, 855 So.2d 92, 94 (Fla. 2d DCA 2003). Moreover, there was no showing that Davis had the ability to earn more than he had been earning or that he was willfully failing to acquire or maintain employment. See Winfield v. State, 406 So.2d 50, 52 (Fla. 1st DCA 1981).
*612 Because the record demonstrates that the State failed to establish that Davis willfully and substantially violated the conditions of his community control, we reverse the revocation order. We note that as a result of the erroneous revocation of Davis's community control, Davis was sentenced to a prison term. From the record before us it appears likely that Davis has completed his sentence. Accordingly, on remand, if Davis has completed his sentence, then the trial court shall discharge him. If Davis has not completed his sentence, then the trial court shall reinstate him to supervision and credit him with all time served in jail and in prison because of these proceedings. See McCoy, 730 So.2d at 804.
Reversed and remanded with instructions.
ALTENBERND, C.J., and WALLACE, J., Concur.