662 So.2d 408 (1995)
Jose Antonio MELECIO, Appellant,
v.
STATE of Florida, Appellee.
No. 94-612.
District Court of Appeal of Florida, First District.
November 3, 1995.
*409 Nancy A. Daniels, Public Defender; P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Patrick Martin, Assistant Attorney General, Tallahassee, for Appellee.

ON MOTION FOR REHEARING
VAN NORTWICK, Judge.
Our previously issued opinion in this cause is withdrawn and the following is substituted therefor. Appellant challenges an order revoking community control. We reverse in part and remand.
Following a nolo plea to a charge of aggravated battery, appellant was placed on community control in July 1991 with certain conditions, which included the requirement that appellant attend an anger management class. Thereafter, appellant was again charged with aggravated battery. After pleading no contest to a violation of community control, appellant was again placed on community control in March 1992 under substantially the same conditions as were previously imposed, including participation in an anger management course. No deadline or time frame for completing the anger management class was set forth in either the July 1991 or March 1992 community control orders. In May 1993, appellant was charged with three violations of community control: (1) commission of a sexual assault on a child under the age of twelve, (2) failure to stay at an approved residence, and (3) failure to attend anger management courses.[1]
At the hearing on the community control violations, appellant's community control officer testified that he advised appellant of the requirement to attend anger management courses and that appellant responded that he could not attend these courses because of his work schedule. Other witnesses were called to testify about the remaining community control violations. Thereafter, the lower court found sufficient evidence to find appellant failed to attend the anger management course as required. The lower court also found ample evidence of a second violation of the terms of community control, appellant's failure to remain at the approved residence. Noting among other things that the requirement that appellant attend anger management course had been imposed upon appellant under two separate community control orders, the lower court found a significant breach of the terms and conditions of community control. Based on such finding, the lower court imposed an original sentence of four years imprisonment with credit.
On appeal, appellant argues that the finding of a violation of community control for failure to attend anger management classes is erroneous given the fact that no completion date was specified in either community control order. Appellant concedes, however, that there is sufficient evidence in the record to sustain a finding that appellant failed to remain at his approved residence. Nevertheless, the appellant argues the cause should be remanded for resentencing in view of the fact that the residential violation was the only violation of the terms of community control shown on the record. Appellant also argues that the written revocation order fails to specify which violations of community control were found. Appellant argues further that the written revocation order erroneously *410 refers to violations charged in the amended affidavit, which were dismissed.
The state concedes that the written order requires correction. The state argues, however, that there was a sufficient basis in the record to sustain the finding of a violation of the requirement to attend an anger management class, given the fact that this condition was first placed upon appellant in July 1991 and a year and ten months later, appellant had still failed to satisfy this requirement.
We must agree with appellant that because the community control order failed to specify a time period in which the anger management course requirement was to be satisfied and because the term of community control had not expired, it was improper to find a violation of community control on this ground. We also agree with both parties to this appeal that the written order of revocation requires correction so as to conform with the lower court's oral findings.
We find that the instant case is factually distinguishable from Archer v. State, 604 So.2d 561 (Fla. 1st DCA 1992), wherein the defendant sought to overturn the revocation of his probation which was occasioned upon the defendant's refusal to cooperate with psychological counseling. In the instant case, unlike Archer, the record does not reflect a decided unwillingness on the part of appellant to participate in treatment. Rather, in the instant case, appellant failed to attend the anger management course because, according to his probation officer, it conflicted with appellant's employment, which was also a condition of probation.
Accordingly, that part of the order finding a violation of community control for failure to attend an anger management course is REVERSED, and the cause is REMANDED for entry of a written order conforming to the lower court's oral pronouncements and for reconsideration of the sentence imposed. While on remand, the lower court is to reconsider the revocation of community control and the sentence imposed in light of the fact that only one violation of the conditions of community control is adequately shown by the record on appeal. See, Blake v. State, 433 So.2d 611 (Fla. 1st DCA 1983).
BARFIELD and KAHN, JJ., concur.
NOTES
[1] An amended affidavit of a violation of community control was thereafter filed alleging several more violations of the conditions of appellant's community control, but these amended charges were later dismissed.