717 So.2d 609 (1998)
Reginald MITCHELL, Appellant,
v.
STATE of Florida, Appellee.
No. 97-3235.
District Court of Appeal of Florida, Fourth District.
September 16, 1998.
*610 Richard L. Jorandby, Public Defender, and Susan D. Cline, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Denise S. Calegan, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
We affirm the order of revocation of probation and sentence.
The defendant argues that the trial court erred in finding him in violation of probation because the one year order of probation did not specify a time frame for completion of a domestic battery intervention program.
Because the defendant did not raise this issue at any time below, it is not preserved for review. See § 924.051(1)(b), Fla. Stat. (1997). Under the statute, an issue is "preserved" if a legal argument or objection was timely raised and ruled on by the trial court and the argument or objection was sufficiently precise so that "it fairly apprised the trial court of the relief sought and the grounds therefor."
Even considering the merits, we find this case to be distinguishable from Melecio v. State, 662 So.2d 408 (Fla. 1st DCA 1995), the case upon which the defendant primarily relies. In Melecio, the defendant was ordered to participate in an anger management course as a condition of community control in a March, 1992, order entered after the defendant violated an earlier community control order. The community control order did not set out a time frame for completing the anger management course. In May, 1993, the defendant was charged with violating his community control for, inter alia, failure to attend the anger management course. At the hearing on the violations, the community control officer testified that he advised the defendant of the requirement to attend the course and that the defendant responded that he could not make it because of his work schedule. The first district reversed the trial court's finding of a violation of probation, stating that
because the community control order failed to specify a time period in which the anger management course requirement was to be satisfied and because the term of community control had not expired, it was improper to find a violation of community control on this ground.
Id. at 410. The first district noted that there was no indication that the defendant was unwilling to participate in the treatment, but rather that the defendant failed to attend the program due to his employment schedule which was also a condition of community control.
Here, like in Melecio, there was no time period specified for completion of the program. However, as the state points out, the time period was implicit in other dictates imposed by the order. For example, the order required the defendant to contact the agency staff within 24 hours of being placed *611 on probation, indicating that the defendant was to immediately enroll in the 26 week program. During the initial interview at the agency, the defendant contracted to enter the program and was instructed that under the contract he could only miss three sessions to be in compliance with the program rules. The defendant was further instructed that if he had to miss a class he was required to call 24 hours in advance to inform the staff. The defendant acknowledged that his first class was scheduled in May. Thus, there is record evidence that the defendant was to start the program immediately after being placed on probation. Unlike Melecio, where the defendant told his probation officer from the start that the program would conflict with his work schedule, here there was evidence that the defendant agreed to the terms of a program which was to begin in May and run for 26 weeks, but never followed through with it.
We find no abuse of discretion in the trial court's revocation of probation. See Howard v. State, 484 So.2d 1232 (Fla.1986); Miller v. State, 661 So.2d 353 (Fla. 4th DCA 1995). We remand for the entry of a written order revoking the defendant's probation. See Peppers v. State, 696 So.2d 444, 446 (Fla. 4th DCA 1997).
STONE, C.J., and WARNER and GROSS, JJ., concur.