795 So.2d 219 (2001)
Timothy CUNNINGHAM, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-3349.
District Court of Appeal of Florida, Fourth District.
September 26, 2001.
*220 Patrick J. Curry, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Claudine M. LaFrance, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
Appellant challenges his conviction and sentence entered after the court revoked his probation. He claims that the court erred in finding that his failure to attend three meetings per week of Alcoholics Anonymous ("AA"), as required in his conditions of probation, was willful. Moreover, he also contends on appeal that this condition lacked a temporal requirement. Finally, he alleges that the requirement to attend AA meetings violated the First Amendment to the constitution and was illegal. We affirm on all issues.
Appellant pled nolo contendere to burglary of a dwelling and dealing in stolen property and was placed on community control followed by three years of probation with two special conditions, one of which was to attend four AA meetings per week. Another general condition of probation required appellant to work diligently at a lawful occupation.
Because appellant was having difficulty getting to the AA meetings, he moved to modify his probation. The court complied, modifying the attendance requirement to three times per week. Subsequently, appellant's probation officer filed an affidavit of violation stating appellant had violated this condition by failing to attend three meetings per week.
At the hearing, the officer testified that by the time he filed the affidavit of violation, appellant had attended sporadically for a month and then not at all for the month immediately prior to the affidavit being filed. Appellant testified that he had attended meetings regularly for six or eight months. He lived in Pompano, did not have a driver's license, and relied on his AA sponsor to take him to the meetings. When he began a new job in Hollywood, a conflict arose between his employment schedule and his AA meetings. Appellant testified, however, that he was trying to find an AA meeting that was closer to his house with meetings at a time that would accommodate his work schedule. He told his probation officer about the conflict, that he was working on rearranging the schedules, and that he might miss "a couple of meetings." He also testified that he was then working in Ft. Lauderdale. Based upon this evidence, the trial court found a violation.
While the burden is on the state to prove by a preponderance of the evidence that appellant's violation of the condition of probation was willful and substantial, it is a question of fact that will not be overturned on appeal unless there is no evidence to support the decision. See Anderson v. State, 711 So.2d 106, 108 (Fla. 4th DCA 1998). Appellant likens his case to Melecio v. State, 662 So.2d 408 (Fla. 1st DCA 1995). In Melecio, a condition of probation required the defendant to attend *221 an anger management course, but it did not provide a specific time during probation in which the course must be started or completed. The probation officer testified that the defendant had not attended the course as yet because it conflicted with his employment. The court reversed a finding that the defendant had violated the condition, concluding that the defendant had not shown a "decided unwillingness" to attend. See id. at 410. However, we find this case distinguishable. Although appellant told his probation officer that the AA meetings were conflicting with his work in Hollywood, he said he would miss only "a couple" of meetings. Instead, the evidence shows that appellant failed to attend meetings for a period of nearly two months and apparently also changed jobs to Ft. Lauderdale during that period. Moreover, if the AA meetings were causing appellant a problem, he knew how to request modification of the condition, as he had done once before. Taken in the light most favorable to the trial court's judgment, there was competent, substantial evidence that the violation of probation was both willful and substantial.
Appellant also complains that no violation of the condition occurred because the condition did not specify a time period for completion of his AA meetings. We disagree. The order specified that appellant had to attend three meetings a week. This provided a time period, namely weekly attendance and a specific number of meetings each week. Thus, it is distinguishable from those cases where the condition simply required the probationer to attend a course, without specifying when during the probation the course must be completed. See, e.g., Larangera v. State, 686 So.2d 697, 697 (Fla. 4th DCA 1996).
Finally, we need not determine whether the condition of probation requiring appellant to attend AA meetings is unlawful or unconstitutional. Appellant never objected to its imposition, and in fact, it was part of his plea agreement. Having accepted the benefits of probation, he cannot now challenge its illegality, if any. See Robinson v. State, 689 So.2d 1147, 1149 (Fla. 4th DCA 1997); Brown v. State, 659 So.2d 1260, 1261 (Fla. 4th DCA 1995).
Affirmed.
STONE and TAYLOR, JJ., concur.