880 So.2d 749 (2004)
Adrianne Tijuana JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-383.
District Court of Appeal of Florida, Fifth District.
May 28, 2004.
Rehearing Denied August 26, 2004.
James B. Gibson, Public Defender, and Rosemarie Farrell, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, J.
Adrianne Tijuana Johnson contends that the trial court abused its discretion in finding her guilty of a probation violation. We affirm because the evidence supports the trial court's finding that Johnson willfully failed to comply with her probation officer's instruction to meet with him.
Johnson was charged with violating condition 9 of her probation which states:
You will promptly and truthfully answer all inquiries directed to you by the Court or any Probation or Community Control Officer, and allow your Officer to visit in your home, at your employment site or elsewhere, and you will comply with all instructions your officer may give you.
At the hearing, Johnson's probation officer testified that when Johnson reported to him, he informed her that he had made several unsuccessful attempts to visit her at her residence the previous month. The officer testified that he asked Johnson *750 about her work schedule and told her that he would visit her on 15 September 2002. Johnson told the officer that she would not be home on that day. According to the officer, he explained to Johnson that he needed to see her at home, but Johnson replied that probation was not important to her and that she would not be there. The officer told Johnson that if she was not home between 7:00 a.m. and 11:00 a.m. on 15 September 2002, "there was going to be a problem." On 15 September at 9:08 a.m., the officer knocked loudly on the door to Johnson's residence several times, but there was no response.
Johnson testified that she was not home at the time designated by her probation officer because she was delivering newspapers, returning a vehicle, and taking her daughter to a cheerleaders' car wash. She testified that she was not aware that her probation officer made an appointment to visit that day. Additionally, Johnson testified that she did not tell her probation officer that probation was not important to her. Rather, she testified that she told him that probation was not the most important thing because she had duties to her children.
Johnson argues that a missed appointment is not a sufficient basis upon which to find a violation of probation. To establish a violation of probation, the state must prove by a preponderance of the evidence that a probationer willfully violated a substantial condition of probation. Van Wagner v. State, 677 So.2d 314, 316 (Fla. 1st DCA 1996). After making several unsuccessful attempts to contact her at her residence, Johnson's probation officer told her to await his visit on a specific day, but she was not there for the appointment. Johnson testified that she was delivering newspapers for her mother, returning a vehicle, and taking her daughter to a car wash. Trial courts have broad discretion in determining whether a term of community control or probation has been violated, and the proper standard of review is whether the lower tribunal abused its discretion. Davis v. State, 704 So.2d 681, 683 (Fla. 1st DCA 1997). Evidently, the trial court did not believe Johnson's testimony that she was unaware of the appointment. We find no abuse of discretion.
AFFIRMED.
PALMER and MONACO, JJ., concur.