888 So.2d 76 (2004)
STATE of Florida, Appellant,
v.
Brian MILLER, Appellee.
No. 5D03-3695.
District Court of Appeal of Florida, Fifth District.
October 29, 2004.
Rehearing Denied December 15, 2004.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Wesley Heidt, Assistant Attorney General, Daytona Beach, for Appellant.
Mark C. Bender, Orlando, and David Hill, Orlando, for Appellee.
MONACO, J.
The State of Florida appeals the judgment and sentence imposed by the trial court upon the appellee, Brian Miller. We have jurisdiction pursuant to Rule 9.140(c)(1)(K), Florida Rules of Appellate Procedure. Although Mr. Miller was sentenced as a youthful offender, we conclude that the lower court's failure to impose sex offender conditions as terms of Mr. Miller's probation, as required by section 948.03(5)(a) and (b), Florida Statutes (2002), was erroneous and requires reversal.
Mr. Miller was charged by information with one count of sexual battery with an intoxicating substance, and one count of lewd or lascivious battery on a girl more than twelve, but less than sixteen years of age. The facts surrounding the charges are not relevant to the issues presented by this appeal. Mr. Miller and the State entered into a plea agreement, the exact terms of which are a little murky, in which Mr. Miller agreed to plead nolo contendere *77 to the charge of lewd or lascivious battery, a violation of section 800.04(4)(a), Florida Statutes (2002), and the State agreed to nol prosse the sexual battery charge. The plea agreement required Mr. Miller to be placed on six years probation as a youthful offender, to perform 150 hours of community service, to have no contact with the victim, to submit DNA samples, and to undergo a sexual offender evaluation. Whether to withhold adjudication of guilt was to be left to the discretion of the trial judge.
At the sentencing hearing Mr. Miller requested the Court not to impose sex offender conditions in connection with the probation, and appears to have argued that the plea offer did not compel the imposition of such conditions. The State responded that because the requirements of section 948.03(5)(a) are mandatory when a defendant is placed on probation for a violation of section 800.04, a probationary placement that did not specifically include these requirements would be "an incomplete sentence." The State urged further that the court did not have the discretion to waive the requirements of the statute. Mr. Miller argued in response that the Florida Youthful Offender Act authorizes its use "in lieu of other criminal penalties," and that the language of section 948.03(5)(a) was, therefore, not mandatory if youthful offender sentencing is utilized. The trial court agreed with the defense and imposed ordinary probation, but with certain special conditions requiring Mr. Miller to undergo a sex offender evaluation and to provide DNA samples. The State objected and this appeal ensued.
The case is one of first impression. Our task, of course, is to adopt an interpretation that harmonizes the related statutes while giving effect to each. See Jones v. State, 813 So.2d 22 (Fla.2002); State v. Waldron, 835 So.2d 1217 (Fla. 5th DCA 2003). Here, we believe that any conflict that might at first blush appear to exist between the statutes can be appropriately reconciled.
Chapter 958, Florida Statutes (2002), is entitled the Florida Youthful Offender Act. Under it a trial court may sentence a felony criminal defendant who is at least 18, but less than 21 years old at the time of the commission of the felony, to sanctions designed to improve the "chances of correction and successful return to the community." See § 958.01, Fla. Stat. (2002). The term, "probation," is defined in section 958.03(4) as a means of community supervision requiring specified contacts with probation personnel "and other terms and conditions as provided in s. 948.03." Section 958.04, Florida Statutes (2002), then contains the following language dealing with the subject of probation for youthful offenders:
(2) In lieu of other criminal penalties authorized by law and notwithstanding any imposition of consecutive sentences, the court shall dispose of the criminal case as follows:
(a) The court may place a youthful offender under supervision on probation or in a community control program, with or without an adjudication of guilt, under such conditions as the court may lawfully impose for a period of not more than 6 years. Such period of supervision shall not exceed the maximum sentence for the offense for which the youthful offender was found guilty.
Thus, it is quite clear that the legislature fully intended to authorize various forms of probation as described in section 948.03, Florida Statutes (2002), as a sentencing alternative for youthful offenders, with the caveat that the probationary placement could not exceed six years or the maximum sentence for the offense, whichever is shorter.
*78 Section 948.03(5)(a) indicates that for probationers who committed certain specified sex based crimes after October 1, 1995, "the court must impose the following conditions in addition to all other standard and special conditions imposed." There then follows a series of conditions of probation to be applied particularly to persons who commit any of the listed crimes. One of the crimes listed for which the sex offender conditions of probation must be imposed is section 800.04, the specific crime to which Mr. Miller pled. As this court has recently noted, "in a case involving sex offender probation, the trial court must impose certain legislatively mandated conditions; the statute does not allow for judicial discretion." See Woodson v. State, 864 So.2d 512, 515 (Fla. 5th DCA), review granted, 879 So.2d 626 (Fla.2004).
Thus, there is no conflict between the statutes. The Florida Youthful Offender Act specifically recognizes that youthful offenders on probation are subject to the provisions of section 948.03. Section 948.03(5) requires mandatory sex offender conditions upon the conviction of any of the enumerated offenses. Therefore, if a person treated as a youthful offender is convicted of any of the enumerated sex offenses, the conditions of probation described in section 948.03(5) must be imposed. Cf. DeJesus v. State, 862 So.2d 847 (Fla. 4th DCA 2003)(sex offender statute was applicable to defendant sentenced as youthful offender where defendant entered into negotiated plea that included probation with sex offender conditions).
Mr. Miller points us to certain other cases holding that penalties required by the 10/20/Life Statute, or mandating a three-year minimum prison term for use of a firearm during the commission of a crime, do not apply to persons sentenced as youthful offenders. See, e.g., State v. Wooten, 782 So.2d 408 (Fla. 2d DCA 2001); Porter v. State, 702 So.2d 257 (Fla. 4th DCA 1997). The foundation for those decisions, however, was that a youthful offender sentence was to be used "in lieu of other criminal penalties," and in the absence of any legislative intent to override this provision, these enhanced penalties could not be imposed. In the present case, on the other hand, the requirements of section 948.03 are specifically engrafted into the Florida Youthful Offender Act by Chapter 958. The legislative intent is clear on the face of the statute.
Accordingly, we must reverse. We note that section 948.03(5), which mandates the imposition of sex offender conditions of probation for persons who commit any of the enumerated crimes, requires no oral pronouncement at sentencing. See Woodson. In the present case, however, there was some controversy below regarding whether the plea bargain that was struck between Mr. Miller and the State included a provision that no sex offender conditions would be imposed. In fairness, therefore, Mr. Miller should be given the opportunity to withdraw his plea of nolo contendere to the charge of lewd or lascivious battery, and to proceed to trial. If he should make that election, the State will be permitted to reinstate the charge of sexual battery, as well. If Mr. Miller chooses to hold to the agreement for the probationary placement, then it will be with the mandatory conditions required by the statute.
REVERSED and REMANDED.
SAWAYA, C.J., and PETERSON, J., concur.