892 So.2d 513 (2004)
Jack SMITH, III, Appellant,
v.
STATE of Florida, Appellee.
No. 1D04-0770.
District Court of Appeal of Florida, First District.
December 15, 2004.
*514 Nancy A. Daniels, Public Defender, Second Judicial Circuit; P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General, Office of the Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant, Jack Smith, III, appeals the trial court's revocation of his community control. Appellant argues that the trial court erred in revoking his community control based upon his failure to pay costs, his failure to attend counseling, and his absence from his approved residence because (1) the trial court failed to make a finding that he had an ability to pay, (2) there was no time period given in which to complete counseling and his counseling conflicted with his employment, and (3) the State failed to prove by the greater weight of the evidence that he willfully violated the provision of his community control requiring him to remain in his approved residence except in specific circumstances. We agree and, therefore, reverse.

I. Failure to Pay Costs
The trial court found, after a full evidentiary hearing, that appellant violated terms (2) and (18) of his community control by failing to pay both his court costs and costs of supervision. The court did not, however, find either orally or in its written order that appellant had the ability to pay. This was error. See Whidden v. State, 701 So.2d 1224 (Fla. 1st DCA 1997). *515 Accordingly, we remand for such a determination. Id.

II. Failure to Attend Counseling
The trial court also found that appellant violated term (19) of his community control by failing to attend counseling. The record reveals that appellant attended his counseling sessions in June 2003, but did not attend any sessions thereafter. In July 2003, appellant began a job training and job search program and then, shortly thereafter, became employed. Appellant stated at the hearing that his employment conflicted with his counseling sessions and that he informed his probation officer of the conflict. His probation officer testified that he told appellant to work out any problems with the counseling center. Appellant stated that he called the counseling center to have the sessions changed, but was unsuccessful. Appellant's terms of community control did not specify a period of time in which he was to complete counseling.
This Court decided a similar case in Melecio v. State, 662 So.2d 408 (Fla. 1st DCA 1995). In Melecio, the defendant informed his probation officer that he could not attend his required anger management courses because of his work schedule. Id. at 409. Despite this, the trial court found that the defendant violated his community control by failing to attend the sessions. Id. This Court reversed, stating that the community control order failed to specify a date by which the defendant was to complete such sessions. Id. at 410. In addition, the record did not indicate an unwillingness to complete the sessions. Id. Rather, it indicated that the defendant was merely trying to fulfill one requirement of his community control, lawful employment, and that requirement conflicted with another requirement that he attend anger management counseling. Id. The instant case is nearly identical. We, therefore, reverse the trial court's finding that the Appellant violated condition (19) of his community control.

III. Absence from Approved Residence
The trial court also found that appellant violated term (11) of his community control by leaving his approved residence on July 26, 2003. The record reveals that appellant attempted to contact a prior probation officer several times before leaving his home to help his mother do laundry at a laundromat across the street. Appellant stated that he did not have his new probation officer's number. He then returned home several times while doing laundry to try to make contact with his probation officer. Appellant presented unrebutted testimony that his prior probation officer, who had been his probation officer the previous month, had given him permission to do laundry.
The nature of this incident evidences appellant's "reasonable efforts to comply with a condition of [community control]," and therefore, any violation was not willful. Van Wagner v. State, 677 So.2d 314, 317 (Fla. 1st DCA 1996); see also State v. Carter, 835 So.2d 259, 261 (Fla.2002) (stating that before revoking probation, the trial court must determine whether the probationer has made "reasonable efforts to comply with the terms and conditions of his or her probation"). Thus, the trial court erred in revoking appellant's community control on this ground.
The trial court's order finding appellant in violation of condition (11) for an incident on August 12, 2003, is also in error. After the hearing, the trial court stated that it found appellant "not guilty" of this alleged violation. The trial court's order revoking community control must conform to its oral pronouncements. See Maddox v. State, 619 So.2d 473, 473 (Fla. 1st DCA 1993). Accordingly, we reverse *516 the trial court's findings that the Appellant violated condition (11) of his community control.

IV. Conclusion
We reverse the trial court's revocation of appellant's probation based upon violations of terms (2), (11), (18), and (19) and remand to the trial court for a finding as to whether appellant had the ability to pay court costs and the costs of supervision required of him in terms (2) and (18) of his community control.
REVERSED and REMANDED with directions.
KAHN, WEBSTER and POLSTON, JJ., Concur.