889 So.2d 823 (2004)
Dwaine WOODSON, Petitioner,
v.
STATE of Florida, Respondent.
No. SC04-56.
Supreme Court of Florida.
December 16, 2004.
James B. Gibson, Public Defender and A.S. Rogers, Assistant Public Defender, Seventh Judicial Circuit, Daytona Beach, FL, for Petitioner.
Charles J. Crist, Jr., Attorney General, Tallahassee, Florida, Pamela J. Koller and Kellie A. Nielan, Assistant Attorneys General, Daytona Beach, FL, for Respondent.
PER CURIAM.
We originally accepted review of Woodson v. State, 864 So.2d 512 (Fla. 5th DCA 2004), in which the Fifth District Court of Appeal certified conflict with the Second District's decision in Young v. State, 566 So.2d 69 (Fla. 2d DCA 1990). See Art. V, *824 § 3(b)(4), Fla. Const. Upon closer inspection of these two cases, we have determined that no genuine conflict exists between them because they are factually and legally distinguishable.
Accordingly, this case is hereby dismissed.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.
PARIENTE, C.J., concurs with an opinion, in which BELL, J., concurs.
PARIENTE, C.J., concurring.
I concur with the decision to dismiss because of the factual differences in the cases. I write to point out that, as observed by the Fourth District in Mills v. State, 840 So.2d 464, 467 (Fla. 4th DCA 2003), the underlying issue in all cases dealing with failure to actively participate in sexual offender treatment is whether the defendant's conduct in failing to participate and complete the program was willful.
The parameters of sexual offender probation are statutorily defined as a form of intensive supervision with an individualized treatment plan. See § 948.001(7), Fla. Stat. (2004). The critical component of sexual offender probation is the active participation and completion of a sexual offender treatment program. See § 948.30(1)(c), Fla. Stat. (2004) (previously codified at section 948.03(5)(a)(3), Florida Statutes (2003)). It is only because the defendant agrees to participate in active treatment that the privilege of probation is extended. As Judge Sawaya expressed in the opinion below, "[r]eleasing a sex offender, untreated, does not alleviate the concern that he or she will reoffend and affords no protection to society." Woodson v. State, 864 So.2d 512, 516 (Fla. 5th DCA 2004).
Because each treatment plan is individualized, it is not always realistic for the trial judge to specify time parameters for completion at the time of sentencing. Nevertheless, the probation officer should clearly communicate to the defendant, both in writing and verbally, the specific details of the individualized treatment plan so that there is no question that the defendant is specifically on notice of exactly what is expected and when.
BELL, J., concurs.