LAWSON, J.
John Kalinowski appeals from an order denying his motion requesting the trial court to either: (1) clarify that his sentence did not include one of the conditions of sex offender probation with which he was ordered to comply; or (2) delete the condition. We find that the trial court correctly denied the motion, and affirm.
On December 8, 2005, Kalinowski plead guilty to two counts of possession of a computer image and/or photograph which included the sexual conduct of a child in violation of section 827.071(4), Florida *963 Statutes (2005), and seven counts of possession of child pornography in violation of section 827.071(5), Florida Statutes (2005). Pursuant to a plea agreement between Kalinowski and the State, the trial court withheld adjudication and placed Kalinow-ski on concurrent fifteen-year terms of sex offender probation for the first two charges, with concurrent five-year terms of sex offender probation imposed for the remaining charges. Condition 26 of the court’s probation order prohibits Kalinow-ski from living within 1,000 feet of any school, day care center, park or playground, or any other place proscribed by the court where children regularly congregate. This is one of the standard conditions of sex offender probation mandated by section 948.30, Florida Statutes (2005).[1]
Several days after sentencing, on December 12, 2005, Kalinowski filed a motion to clarify or modify his sentence. The motion states that Kalinowski has lived in the same house for over thirty years, but was instructed by his probation officer that he must now move based upon the prohibition in condition 26 of his probation order. The motion argues that this condition could not be enforced by the Department of Corrections because it is a special condition of probation not orally pronounced at sentencing.[2] See Rothery v. State, 757 So.2d 1256, 1258 (Fla. 5th DCA 2000) (recognizing that “[b]efore a special condition of probation may be imposed, there must be an oral pronouncement of the condition at sentencing”). Alternatively, the motion asks that if the court finds that the condition “is deemed to be a standard condition,” the court modify Kalinowski’s sentence by removing the condition.
The trial court correctly found that the probationary condition from which Kalinowski seeks relief is a standard condition of sex offender probation that did not require oral pronouncement at sentencing. See § 948.30(l)(b), Fla. Stat. (2005); State v. Miller, 888 So.2d 76, 78 (Fla. 5th DCA 2004) (noting that the conditions of sex offender probation mandated by statute are not required to be orally pronounced at sentencing); Woodson v. State, 864 So.2d 512, 514 (Fla. 5th DCA 2004) (same); Taylor v. State, 821 So.2d 404, 405 (Fla. 2d DCA 2002) (same). Additionally, because section 948.30(1), Florida Statutes (2005), requires the court to impose this condition for any violation of section 827.071, Florida Statutes (2005), the trial court correctly denied Kalinow-ski’s request to delete the condition from his sentence.
AFFIRMED.
GRIFFIN and ORFINGER, JJ„ concur.

. Section 948.30 formerly appeared as section 948.03(5), Florida Statutes (2004). The statute was relocated and renumbered effective July 1, 2004. See 2004-373, s. 18, Laws of Florida.

. Kalinowski also claimed that the court failed to impose this condition in its written order. However, the condition is clearly included in the probation order signed by the trial judge (dated on the date of sentencing) and included on appeal as part of the sentencing record in Kalinowski's case. In his brief, Kalinowski alleges that this document was not provided to him until he reached the probation office. If it is true that no one informed Kalinowski of this mandatory condition of sex offender probation at any time at or before his sentencing, this might have served as the basis for a timely motion to withdraw plea under Florida Rule of Criminal Procedure 3.170(1). However, facing a potential sentence totaling sixty-five years in state prison, Kalinowski apparently opted against seeking to set aside his plea.