966 So.2d 1004 (2007)
Willie E. WALKER, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-1653.
District Court of Appeal of Florida, Fifth District.
October 12, 2007.
*1005 James S. Purdy, Public Defender, and Noel A. Pelella, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Carlos A. Ivanor, Jr., Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Willie E. Walker, Jr., appeals his judgment and sentence, claiming that the trial court erred in concluding that he violated his probation. Determining that the trial court abused its discretion in revoking Walker's probation, we reverse.
Walker entered into a negotiated plea agreement, pleading guilty to the charge of attempted sexual battery upon a child under twelve years of age. He was sentenced to a term of five years in prison, followed by a twenty-five year term of probation. In addition, Walker was designated as a sexual predator subject to registration and reporting requirements upon his release from prison.
On the day Walker was released from prison, a warrant was issued for his arrest alleging that he had violated conditions 3 and 5 of his probation. Condition 3 of his probation provided:
3. You will not change your residence or employment or leave the county of your residence without first procuring the consent of your supervising officer.
The arrest warrant alleged that Walker had violated condition 3 of his probation as follows:
[T]he aforesaid was released from the Madison Correctional Institution on 07/01/05, and has failed to provide the Department of Corrections with an approved/verifiable place of residence . . .
Condition 5 of Walker's probation provided:
5. You will live and remain at liberty without violating any law. A conviction in a court of law shall not be necessary in order for such a violation to constitute a violation of your probation/community control.
The arrest warrant alleged that Walker had violated condition 5 of his probation as follows:
[T]he aforesaid has failed to remain at liberty without violating any law as evidenced by him having failed to register as a sex offender with the State of Florida in compliance with Florida Statute 943.0435 due to the fact the aforesaid having no approvable/verifiable residence in the State of Florida . . .
At the violation of probation (VOP) hearing, evidence was submitted indicating that, prior to his release from prison, Walker provided an address to the probation office indicating where he intended to reside when he was released. The probation office determined that the address was not appropriate because it was located within 1,000 feet of a school bus stop. After his release, upon arrival at the probation office, Walker was asked where he was going to reside and he could not provide a verifiable residence. As a result, the probation officer considered Walker to be homeless, because Walker did not have a verifiable address and was unable to *1006 register with the Florida Department of Highway and Motor Vehicles as a convicted sex offender. The probation officer thereafter filed a petition charging Walker with violating his probation.
Walker testified that, prior to being released from prison, he had participated in discussions with corrections officials regarding his release from prison and he admitted that the only address he gave corrections and probation officials was his mother's address, which was not acceptable due to its proximity to a school bus stop.
At the close of the hearing, the trial court orally pronounced that there was a willful and substantial violation of condition 5, noting as follows:
And I find based on the evidence presented that there has been a willful and substantial Violation of Probation Condition Five, in that Mr. Walker would live and remain at liberty without violating any law  the law, which I specifically find that he's violated is section 943.0435 of the Florida statutes, specifically Subsection 2, Subsection B, which provides in material part that a sexual offender  in this case Mr. Walker is a sexual offender; in fact, he is a sexual predator  is required to provide address of permanent or legal residence, or address of any current temporary residence.
I believe it is implicit in that subsection that the residence would have to be an approved residence, and that it would have to [be] a residence such that the sexual offender would not be in violation of Section 794.065 of the Florida statutes, which prohibits residency within one thousand feet of any school, day care center, park, or playground, and there are other ramifications, also.
I believe and I find that a sexual predator has an affirmative duty to locate an approved residence, and that it is incumbent upon a sexual predator to do so. I find that it is not the government's responsibility to find an approved residence for a sexual predator.
Prior to his release from the Department of Corrections Mr. Walker was notified by Ms. Ponder that the residence he wanted to live at in Marion County, Florida, was not an approved residence.
He was denied that plan on April 29, 2005. He had May 2005 and June 2005 to come up with a different plan prior to his release from custody on July 1st, 2005.
Mr. Walker was then returned to custody for allegedly having violated probation on July 6, 2005. He has remained in custody until today's date, May 8th 2006, which is ten months later. He still has no approved residence to present to this Court.
Accordingly, I find that the violation is a willful and substantial violation. I am revoking the term of probation previously imposed in this case.
The trial court then orally sentenced Walker to a term of twenty years in prison. Subsequently, the trial court issued a written order of revocation of probation, but failed to specifically set forth which conditions of sex offender probation Walker had violated. This appeal timely followed.
To establish a violation of probation, the State must prove, by a preponderance of the evidence, that a probationer willfully violated a substantial condition of probation. Johnson v. State, 880 So.2d 749 (Fla. 5th DCA 2004). Whether a violation of probation is willful and substantial is a factual issue that cannot be overturned on appeal unless there is no evidence to support it. Wilson v. State, 781 So.2d 1185 (Fla. 5th DCA 2001).
*1007 Here, at the VOP hearing, the trial court pronounced that Walker had violated condition 5 under section 943.0435(2) of the Florida Statutes.[1] Since that statute requires that sexual offenders report in person at the sheriff's office within 48 hours after being released from the Department of Corrections, no violation of that provision occurred in this case since 48 hours had not expired at the time the VOP charges were filed.
No mention of a violation of condition 3 was made by the trial court in its oral pronouncement, nor did the trial court include any factual basis for revoking Walker's probation. Furthermore, the trial court failed to include in its written revocation order any mention of any condition, either condition 3 or 5, which Walker violated.
We recognize the difficulty that the trial courts face in dealing with cases such as this one, given the strong public policy in favor of keeping track of convicted sexual offenders who are eligible for release on probation. However, we are limited in this case to determining whether the trial court's order is proper in light of the specific conditions of Walker's probation. As such, we are constrained to conclude that the trial court abused its discretion by finding that Walker violated condition 5 of his probation. Further, the trial court failed to make any findings that Walker violated condition 3 of his probation, either orally at the hearing or in its written order.
Accordingly, we reverse the trial court's finding that Walker violated his probation and the judgment and sentence entered as a result thereof.
REVERSED.
PALMER, C.J., SAWAYA and LAWSON, JJ., concur.
NOTES
[1] Section 943.0435(2)(a) and (b), Florida Statutes (2005) provides as follows:

943.0435. Sexual offenders required to register with the department; penalty
* * * * * *
(2) A sexual offender shall:
(a) Report in person at the sheriff's office in the county in which the offender establishes or maintains a permanent or temporary residence, within 48 hours after establishing permanent or temporary residence in this state or within 48 hours after being released from the custody, control, or supervision of the Department of Corrections or from the custody of a private correctional facility. Any change in the sexual offender's permanent or temporary residence or name, after the sexual offender reports in person at the sheriff's office, shall be accomplished in the manner provided in subsections (4), (7), and (8).
(b) Provide his or her name, date of birth, social security number, race, sex, height, weight, hair and eye color, tattoos or other identifying marks, occupation and place of employment, address of permanent or legal residence or address of any current temporary residence, within the state and out of state, including a rural route address and a post office box, date and place of each conviction, and a brief description of the crime or crimes committed by the offender. A post office box shall not be provided in lieu of a physical residential address.