970 So.2d 500 (2007)
Keith David GARITY, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-4151.
District Court of Appeal of Florida, Fifth District.
December 19, 2007.
*501 James S. Purdy, Public Defender, and Meghan Ann Collins, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Wesley Heidt, Assistant Attorney General, Daytona Beach, for Appellee.

ON MOTION FOR REHEARING
MONACO, J.
We grant appellant's motion for rehearing, withdraw our previous opinion, and substitute the following.
The appellant, Keith David Garity, appeals the judgment of the trial court revoking his probationary placement and sentencing him to prison. Because of the failure of the State to prove a willful and substantial violation of probation, we reverse.
In accordance with a plea agreement, Mr. Garity entered a plea of nolo contendere to the offense of driving while his driver's license was canceled, suspended or revoked as a habitual offender. The trial court adjudicated him guilty and sentenced him to three years of imprisonment, which the court then suspended on the condition that he successfully complete three years of probation. A court order found in the record indicates that as special conditions of probation, Mr. Garity was to obtain a GED, complete 25 hours of community service, and pay certain fines and costs. Pursuant to the court order, the supervision of Mr. Garity's probation was transferred to Ohio. While in Ohio Mr. Garity encountered a few bumps in the road, but no violation documentation was ever filed by the Ohio personnel who were supervising him.
Three months before the termination date of his probation, however, the Florida Department of Corrections filed an affidavit of probation violation alleging that Mr. Garity had failed to complete the three special conditions. Problems blossomed at the violation of probation hearing.
First, it appears that there was no available transcript of the sentencing hearing at which the special conditions were purportedly imposed. Second, the documentation in the court file that identified the special conditions was not signed by Mr. Garity. Third, the probation officer who originally took charge of Mr. Garity and who would have been the person within the Department of Corrections to explain the conditions of probation was no longer employed by the Department and was not at the hearing. Fourth, the person who filed the affidavit of probation violation testified that she was not the official custodian of his records, had never personally instructed *502 Mr. Garity of the conditions of probation, and had never gone to Ohio or used a telephone to speak to Mr. Garity while he was in Ohio. Additionally, she was not aware of how he was instructed once he got to Ohio because she had no correspondence with or other documentation from the State of Ohio regarding whether Mr. Garity had completed the special conditions of probation. She said only that she had a "communication" from Ohio indicating that Mr. Garity did not complete his probationary requirements, although she had no direct knowledge with respect to those issues. Finally, there is nothing in the record before us that indicates that any payment schedule for fines and costs was set out, nor is there any evidence that Mr. Garity had the financial ability to pay them.
Mr. Garity testified after being called as a witness by the State that he had no contact with his Florida probation officer after he was sentenced, and that he had paid all of the amounts that he was told to pay by his probation supervisors in Ohio. He said he was not informed of the requirements to perform community service or to obtain a GED until immediately before the affidavit of probation violation was filed. He said he then began doing community service hours, but had not yet turned in the paperwork. Finally he said that when he learned of the requirement for him to obtain a GED, he tried after he was arrested for violating probation to get into a GED class, but that on each occasion he was unable to do so because the classes were full.
The trial court found by the greater weight of the evidence that Mr. Garity had violated probation, and remanded him to the Department of Corrections to serve the suspended three-year term of imprisonment. We review the trial court's determination using an abuse of discretion standard. See Johnson v. State, 880 So.2d 749, 750 (Fla. 5th DCA 2004). As there was a complete absence of proof that Mr. Garity willfully and substantially violated his probation, we conclude that the trial court abused its discretion and reverse. See Williams v. State, 896 So.2d 805, 806 (Fla. 4th DCA 2005) (violation of probation must be both willful and substantial and the willful and substantial nature of the violation must be supported by the greater weight of the evidence); see also, Woodson v. State, 864 So.2d 512, 514 (Fla. 5th DCA), review dismissed, 889 So.2d 823 (Fla.2004).
As a result of the erroneous revocation of Mr. Garity's probationary placement, Mr. Garity was sentenced to a term in prison. From the record before us it appears that Mr. Garity has completed his sentence. Accordingly, on remand if Mr. Garity has completed his sentence, then the trial court shall discharge him. If he has not completed his sentence, then the trial court shall reinstate him to supervision and credit him with all time served in jail and in prison because of these proceedings. See Davis v. State, 867 So.2d 608, 612 (Fla. 2d DCA 2004).
REVERSED and REMANDED with instructions.
ORFINGER and TORPY, JJ., concur.