989 So.2d 1254 (2008)
Mitchell FRIDDLE, Appellant,
v.
STATE of Florida, Appellee.
No. 1D07-5024.
District Court of Appeal of Florida, First District.
September 11, 2008.
Nancy A. Daniels, Public Defender, and David A. Davis, Assistant Public Defender, Tallahassee; J. Boyd, Assistant Public Defender, Crawfordville, for Appellant.
Bill McCollum, Attorney General, and Jennifer J. Moore, Assistant Attorney General, Tallahassee, for Appellee.
*1255 PER CURIAM.
Mitchell Friddle appeals an order by which the trial court revoked Friddle's probation on the grounds that he failed to pay restitution as ordered by the terms of probation and that he violated the condition that he have no contact with his codefendant. Because the trial court failed to find that appellant had an ability to pay the restitution and because the record fails to demonstrate that appellant had contact with a co-defendant, we reverse.
A trial court necessarily exercises discretion when deciding whether a probationer has violated a condition of probation, warranting return to jail or prison. See State v. Carter, 835 So.2d 259, 262 (Fla.2002) ("The trial court has broad discretion to determine whether there has been a willful and substantial violation of a term of probation...."). In reviewing a revocation of probation, "the appellate court must determine whether or not the trial court acted in an arbitrary, fanciful or unreasonable manner in determining that [the probationer's] violation was both willful and substantial." Id. As we have previously explained, "[r]evoking probation for failure to pay costs without a finding that the probationer had the ability to pay requires reversal." Martin v. State, 937 So.2d 714, 716 (Fla. 1st DCA 2006); Smith v. State, 892 So.2d 513, 514 (Fla. 1st DCA 2004). Here, the trial court did not make a specific finding as to appellant's ability to pay restitution. Accordingly, reversal is required on this ground.
As for the other ground on which probation was revoked, condition 18 of appellant's probation provides: "You will HAVE NO CONTACT WITH CODEFENDANT OR VICTIMS IN THIS CASE during the period of supervision." (Emphasis in original). There was no evidence introduced below that Friddle made contact directly or indirectly with the co-defendant. Accordingly, the trial court abused its discretion in revoking probation on this ground. See Carter. We therefore reverse and remand this cause to the trial court to withdraw the order revoking probation and to set aside the sentence.
REVERSED and REMANDED.
BARFIELD, VAN NORTWICK, and PADOVANO, JJ., concur.