PLEUS, J.
 

 Walter Dobzynecki appeals the trial court’s revocation of his probation, arguing that the State failed to produce sufficient evidence to prove the alleged violation. We agree and reverse.
 

 Dobzynecki was on probation for 1994 sexual misconduct charges involving a five-year-old girl in Florida. In Ohio in 2001, Dobzynecki was charged with sexual misconduct involving three girls, aged six to eight. He was convicted, served his sentence, and was extradited to Florida on the VOP charges. The State only alleged that Dobzynecki violated a condition of his probation which prohibited him from being alone with children under the age of 16 without the presence of a parent or guardian. We note the State did not allege Dobzynecki committed a new law violation.
 

 “To establish a violation of probation, the State must prove, by a preponderance of the evidence, that a probationer willfully violated a substantial condition of probation.”
 
 Walker v. State,
 
 966 So.2d 1004, 1006 (Fla. 5th DCA 2007). The trial court’s decision to revoke probation will not be overturned absent an abuse of discretion.
 
 Glee v. State,
 
 731 So.2d 759, 760 (Fla. 4th DCA 1999). However, the factual determination that there is a willful and substantial violation is properly overturned on appeal where there is no evidence to support that factual determination.
 
 Walker,
 
 966 So.2d at 1006.
 

 Dobzynecki testified at the VOP hearing that there were two parents/guardians present and watching him play with the girls. The State failed to rebut this testimony. Thus, the evidence failed to establish that Dobzynecki was “alone” with the children “without the presence of a parent or guardian.”
 

 Accordingly, we reverse the trial court’s determination that Dobzynecki violated his probation and the judgment and sentence entered as a result thereof.
 

 REVERSED.
 

 GRIFFIN and TORPY, JJ., concur.