PARIENTE, J.,
dissenting.
In this case the defendant entered a best interest plea so that he was not required to admit the crime to which he pled guilty—traveling to meet a minor. More importantly, he was not required to admit—and did not actually admit in court— that he engaged in sexually deviant behavior. While I agree that the defendant need not be put on notice of every program-specific requirement of probation, I disagree with the majority’s attempt to characterize the substantial requirement, that is admitting to sexually deviant behavior, as merely “an internal, program-specific requirement” of probation. Majority op. at 33. Without notice of this substantial probation requirement to admit to sexually deviant behavior he did not admit to in court, the ■ defendant could not have willfully and substantially violated his probation by later failing to admit to such behavior in a sex offender probation treatment program, and his probation should not have been revoked on that basis. See State v. Meeks, 789 So.2d 982, 987 (Fla.2001) (A violation of probation “must always be willful and substantial to produce a revocation.”) (emphasis omitted).
Additionally, I dissent because I disagree with the majority’s conclusion that the defendant’s proper remedy to avoid violating ■ his probation when the State failed to convey this substantial probation requirement was moving to withdraw his plea. Majority op. at 34. In this case where the defendant lacked notice of the probation requirement in the first place, that remedy would have improperly shifted the burden of proof in a violation of probation proceeding from the State to the defendant. Accordingly, I dissent.
Sex offender probation under section 948.30(l)(c), Florida Statutes (2011), requires “[ajctive participation and successful completion of’ a sex offender treatment program. However; as the majority acknowledges, the statute does not further define the “successful completion” requirement as mandating that the defendant admit sexual misconduct. Majority op. at 30.
We explained in Lawson v. State that an essential part of due process in the revocation of probation is that “the probation order must [ ] adequately place the probationer on notice of conduct that is both required and prohibited during the probationary period.” 969 So.2d 222, 230 (Fla.2007). As the majority points out, in Lawson we recognized that due process considerations do not require that the probation *36 order “include every possible restriction so long as a reasonable person is put on notice of what conduct mil subject him or her to revocation.” Majority op. at 34 (quoting Lawson, 969 So.2d at 235) (emphasis added).
I have no quarrel with the majority’s rejection of a bright-line rule that a trial court must advise a defendant of every program specific requirement that will subject him or her to revocation. Id. at 33. I disagree, however, that the requirement that one admit to engaging in sexually deviant behavior when one was not required to admit such behavior in court can be characterized as an “internal, program specific requirement,” not warranting notice prior to the entry of the plea. Id.
The issue we considered in Lawson was whether the State was required to put the defendant on notice of the number of attempts the defendant would have to successfully complete a drug treatment program, which is precisely the type of program specific requirement that does not need to be specified when imposing the condition of probation. 969 So.2d at 228. Certainly in the present case, it is reasonable to conclude that the probationer was on notice that to successfully complete his probation, he would have to actually attend the sex offender treatment program.
In stark contrast to the issue in Lawson, it is not a reasonable construction of the probation condition at issue here that the probationer was on notice that “successfully completing” the treatment program would also require admitting to sexual misconduct—something the probationer was “not required to admit” in court. See majority op. at 31. Thus, under this Court’s precedent in Lawson, due process considerations do not allow the revocation of Staples’s probation for noncompliance of a critical, yet unspecified, aspect of a probation condition that Staples—or any reasonable person—did not have notice of and would not have been expected to know could “subject him or her to revocation.” 969 So.2d at 235.
In short, if the condition of probation required the defendant to admit that he engaged in sexually deviant behavior, then that requirement should have been communicated to him before the time of the plea. This communication is even more critical when considering that in this case, although the defendant pled guilty, he asserted that it was a best interest plea, and he “was not required to admit in court that he had actually committed the charged offense.” Majority op. at 31.
Withdrawal of Plea is an Improper Remedy
I also disagree with the majority’s conclusion that the defendant’s proper remedy in this case for avoiding a violation of his probation “was to file a motion to withdraw his plea or vacate his judgement and sentence.” Majority op. at 34 (citing Staples v. State, 161 So.3d 561, 562 (Fla. 5th DCA 2014)). It defies logic to require a defendant to withdraw his plea to avoid violating a probation condition that was never communicated to him when that remedy is, as the Fifth District explained, typically available for a defendant who does “not understand the consequences of his plea.” Staples, 161 So.3d at 564; see also Mills v. State, 840 So.2d 464, 466 (Fla. 4th DCA 2003); Archer v. State, 604 So.2d 561, 563 (Fla. 1st DCA 1992). A defendant cannot plausibly lack an understanding of the consequences of his plea when those consequences were never communicated to him so that he could form such an understanding in the first place.
Further, such a remedy inverts the burden of proof in a violation of probation proceeding, where the State must prove, *37 by a preponderance of the evidence, that the defendant .willfully and substantially violated a condition of probation. See Meeks, 789 So.2d at 987; see also Walker v. State, 966 So.2d 1004, 1006 (Fla. 5th DCA 2007) (“To establish a violation of probation, the State must prove, by a preponderance of the evidence, that a probationer willfully violated a substantial condition of probation.”). By requiring the defendant to move to withdraw his best interest plea to avoid-violating his probation, and then prove the necessary requirements to meet the withdrawal standard, the trial court shifted the burden to the defendant to prove that he did not willfully and substantially violate a substantial requirement of probation, even when the State failed to put the defendant on notice of the substantial probation requirement. See Sheppard v. State, 17 So.3d 275, 283 (Fla.2009) (noting that defendant bears the burden of proving a manifest injustice in a motion to withdraw a plea after sentencing).
Under the specific facts of this case, I would conclude that the defendant’s failure to admit that he engaged in sexually deviant behavior did not constitute a willful and substantial violation of probation because he did not have notice before he entered his plea that “successful completion” of a sex offender treatment program would require admitting to sexual misconduct. If the requirement of admitting that he engaged in sexually deviant behavior was a prerequisite of “successful completion” of a “sex offender treatment program,” then that condition should have been communicated to the defendant before he entered his plea. Accordingly, I would approve the conflict decisions in Bennett v. State, 684 So.2d 242 (Fla. 2d DCA 1996), Bell v. State, 643 So.2d 674 (Fla. 1st DCA 1994), and Diaz v. State, 629 So.2d 261 (Fla. 4th DCA 1993), and quash the Fifth District’s decision in Staples v. State, 161 So.3d 561 (Fla. 5th DCA 2014).
LABARGA, C.J., and PERRY, J., concur.