754 So.2d 813 (2000)
Jerald Untel COWART, Appellant,
v.
STATE of Florida, Appellee.
No. 1D99-2908.
District Court of Appeal of Florida, First District.
April 4, 2000.
Nancy A. Daniels, Public Defender; Glen P. Gifford, Assistant Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Attorney General; Bart Schneider, Assistant Attorney General, Tallahassee, for appellee.
WOLF, J.
Appellant challenges an order finding him in violation of probation. Appellant asserts that the state failed to prove a willful violation, and therefore, the violation must be reversed. We agree.
In April 1996, appellant was placed on three years' probation for the offense of lewd and lascivious conduct by fondling. The probation order as modified included the following condition:
(18) You will submit to a psychosexual evaluation and follow through with any and all recommended treatment, therapy or counseling as directed by your probation officer.
In March 1999, approximately one month before appellant's probation was to terminate, the probation officer filed an affidavit alleging a violation of condition 18, which stated in pertinent part as follows:
[T]his writer has received a letter from Kathy Adams, M.S. licensed mental health counselor ... which states "Gerald *814 Cowart has been attending psychosexual counseling but has not completed treatment. Mr. Cowart has had difficulty throughout treatment with inappropriate fantasies which have decreased but still occur. He continues to have poor insight about himself and is extremely self absorbed. He still puts some of the blame for his offense outside of himself, not taking full and complete responsibility. He and his wife have separated and appear to be heading toward divorce which is stress for Mr. Cowart. All of these indicate a need for further treatment and supervision. I feel that Mr. Cowart will be a risk for reoffending if his probation is terminated prior to his completion of therapy."
A violation hearing was held in June 1999. Following receipt of evidence in the form of testimony from appellant's counselors and his probation officer, the trial court concluded that appellant had violated his probation by failing to complete his treatment due to his inability to control his sexual fantasies:
[A]lthough defendant has attended all counseling sessions and made reasonable efforts to comply with the counselor's recommendations, defendant is still having fantasies about minor children and therefore has not completed treatment.
The trial court found that appellant was in violation of condition 18 of his probation based upon a finding that appellant continued to have inappropriate thoughts concerning children, indicating that appellant had not followed through to completion on all the recommended treatment. The court extended probation by an additional five years.
The state properly concedes in its brief, "[T]he judge incorrectly violated the defendant's probation solely because the defendant was having improper thoughts."[1] Florida law requires that for probation to be revoked due to a violation of probation, there must be a showing of a willful violation supported by a preponderance of the evidence. See, e.g., Van Wagner v. State, 677 So.2d 314, 316 (Fla. 1st DCA 1996). Where a probationer's failure to complete treatment as a condition of probation is based on involuntary conduct of the probationer, revocation of probation based on such failure is an abuse of discretion and reversible error. See, e.g., Rainer v. State, 657 So.2d 1230 (Fla. 4th DCA 1995); Gibbs v. State, 609 So.2d 76, 79 (Fla. 1st DCA 1992). If a probation violation cannot rest on involuntary conduct, then it surely cannot rest on involuntary thoughts.
The violation of probation is reversed.
KAHN and LAWRENCE, JJ., concur.
NOTES
[1] The state urges us to uphold the violation based on conduct neither charged in the affidavit nor relied on by the judge in making his decision. We decline to do so. See, e.g., Richardson v. State, 694 So.2d 147 (Fla. 1st DCA 1997) (holding that a revocation of probation based on a violation not alleged in the charging document is fundamental error).