896 So.2d 937 (2005)
Roy BLAND, Appellant,
v.
STATE of Florida, Appellee.
No. 1D04-2791.
District Court of Appeal of Florida, First District.
March 4, 2005.
Nancy A. Daniels, Public Defender, and David P. Gauldin, Assistant Public Defender, Tallahassee, Attorneys for Appellant.
Charles J. Crist, Jr., Attorney General, A. Mireille Fall, Assistant Attorney General, and Thomas D. Winokur, Assistant Attorney General, Tallahassee, Attorneys for Appellee.
THOMAS, J.
We have before us for review an Order of Revocation of Probation. Appellant challenges the revocation of his probation, arguing that the trial court abused its discretion by finding that Appellant willfully and substantially violated his probation. Because the record includes substantial evidence to support the trial court's finding, we affirm.
*938 Appellant was found in violation of a condition of probation. On August 21, 2001, Appellant was placed on three years of concurrent probation with concurrent sentences of five years in state prison suspended as a result of his conviction for possession of controlled substances. A condition of his probation required him not to "associate with any person engaged in criminal activity."
Testimony submitted at trial by two police officers alleged that on February 28, 2004, the officers responded to a call regarding narcotics activity at a motel. The officers conducted a search of the motel room that revealed rolling papers, marijuana, a container with cocaine residue, and a scale with cocaine residue. A crack pipe was also found in the bathroom where Appellant was when the first officer arrived. At the time of the search, two females and one male occupied the room with Appellant. The two females admitted to ownership of the paraphernalia and were arrested. Appellant admitted the hotel room was rented in his name, but denied any knowledge of illegal activity taking place.
Appellant argues that the record is devoid of evidence showing that he willfully associated with persons engaged in criminal activity. For probation to be revoked because of a violation of a condition, the state must show a willful violation supported by a preponderance of the evidence. Cowart v. State, 754 So.2d 813, 814 (Fla. 1st DCA 2000). The trial court "has broad discretion to determine whether there has been a willful and substantial violation of a term of probation and whether such a violation has been demonstrated by the greater weight of the evidence." State v. Carter, 835 So.2d 259, 262 (Fla.2002); see also Burgin v. State, 623 So.2d 575, 576 (Fla. 1st DCA 1993) ("A trial court is vested with broad discretion in determining whether a probationer has violated a condition of the probation."). Probation revocation orders are reviewed only for abuse of discretion. Van Wagner v. State, 677 So.2d 314, 317 (Fla. 1st DCA 1996). This is because the trial court can better determine the "probation violator's motive, intent, and attitude and assess whether the violation is both willful and substantial." Carter, 835 So.2d 262. Indeed, while Appellant has the right to be heard, the trial court is free to disbelieve his testimony.
The trial court did not abuse its discretion. Its conclusion was based on competent testimony presented at trial. Indeed, Appellant's single incident of associating with persons engaged in criminal activity is enough to amount to a willful and substantial violation. See State v. Carter, 835 So.2d 259 (Fla.2002) (finding the failure to file a single monthly report may justify a probation revocation if such failure is willful and substantial and supported by the greater weight of the evidence).
We therefore affirm the trial court's Order of Revocation of Probation.
AFFIRMED.
VAN NORTWICK and POLSTON, JJ., concur.