949 So.2d 306 (2007)
Lamar Reshaud PLAYER, Appellant,
v.
STATE of Florida, Appellee.
Nos. 1D06-0054, 1D06-0056.
District Court of Appeal of Florida, First District.
February 16, 2007.
Nancy A. Daniels, Public Defender, and John B. Kelly, III, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General, and Elizabeth F. Duffy, Assistant Attorney General, Tallahassee, for Appellee.
WOLF, J.
Appellant challenges a final judgment finding him guilty of three conditions of probation. We find merit to several issues raised by appellant which we address within this opinion. We affirm as to all other issues.
Appellant was found guilty of violating his probation based on the new law offense of possession of cocaine. The State failed to prove appellant was in actual or constructive possession of the cocaine. *307 See Hill v. State, 736 So.2d 133 (Fla. 1st DCA 1999). This charge could not be the basis of the violation of probation.
Appellant asserts insufficient evidence was presented at the violation hearing to support a finding of violation premised on appellant's possession of drug paraphernalia. No evidence was presented on this specific charge. We, therefore, reverse this finding as well.
Appellant also asserts that the trial court abused its discretion in finding that appellant violated his probation based on his probation officer's testimony regarding a positive drug urinalysis performed by a treatment facility. The only testimony by the State regarding appellant's drug analysis came from the probation officer. He testified that he received a sheet from a drug program indicating that appellant's urine test was positive. This document was never entered into evidence. The testimony from the probation officer standing alone will not support a finding of violation. Whisler v. State, 569 So.2d 934 (Fla. 1st DCA 1990); but see Peters v. State, 919 So.2d 624 (Fla. 1st DCA 2006); Davis v. State, 562 So.2d 431 (Fla. 1st DCA 1990) (holding lab report properly admitted as business record supported finding of violation of probation).
We, therefore, reverse and remand to the trial court for further proceedings.
BROWNING, C.J., and KAHN, J., concur.