PLEUS, J.
Larry Holmes appeals a final order revoking his probation, adjudicating him guilty of a felony, and sentencing him to prison. Holmes argues on appeal that his probation was erroneously revoked. He claims that the State’s proof was insufficient to show that he knowingly associated with persons involved in criminal activity. We agree and accordingly reverse.
A written condition of the defendant’s probation for possession of cannabis with intent to sell required that he not knowingly associate with any persons engaged in criminal activity.
An affidavit of violation of probation charged that the defendant “did associate with persons who were engaged in criminal activity, as evidenced by his arrest on 11/24/07 by Officer Kevin Easter of the Orange County Sheriffs Office.”
At the revocation hearing, Deputy Easter testified that on the evening of November 24, 2007, he was conducting surveillance on a CITGO gas station on Raleigh Street in Orange County, a location known for drug transactions. The deputy observed activity at the CITGO for an hour or two. Deputy Easter testified he was “speculating” as to the number of people he was watching but estimated he observed four or five people make hand-to-hand car transactions with cannabis over the course of the surveillance. During this period of surveillance, the defendant was observed walking up to the CITGO. The deputy testified that the defendant entered the CITGO and bought juice and a snack cake. The defendant then walked outside the store and stood for 10-15 minutes. The deputy again “speculated” that during this time, the defendant was “maybe eight feet, six feet” from those engaging in the drug transactions. The defendant was interacting with those involved in the transactions, this consisting of sitting within proximity to them and conversing with them. The defendant was in a position to be able to see what they were doing. The deputy saw the men (not the defendant) passing around what appeared to be a *1254 cigar and he could smell the odor of burnt cannabis. When asked how long he observed the defendant in proximity to the other men, Deputy Easter answered, “An exact time, I don’t know. He wasn’t there very long, but he was there ... during a few of the transactions.” After he was detained, the defendant stated that “he knew he shouldn’t have been up there.”
The defendant testified that he walked to the CITGO to get a snack. The only contact he had with the men at the gas station was to ask for a light for his cigarette. He was outside the CITGO for “about two minutes.”
The defense argued that a willful and substantial violation was not demonstrated. The trial court ordered revocation of probation.
A trial court is vested with broad discretion in determining whether a probationer has violated a condition of his probation. A violation must be proven by the greater weight of the evidence and the evidence must show that the violation was willful and substantial. Garity v. State, 970 So.2d 500 (Fla. 5th DCA 2007). Accord Ratliff v. State, 970 So.2d 939 (Fla. 4th DCA 2008).
We detect two deficiencies in this case. First, crucial portions of Deputy Easter’s testimony were couched in terms of speculation. This was improper. See, e.g., State v. Covington, 973 So.2d 481 (Fla. 3d DCA 2007).
Second, simply observing criminal activity and being aware criminal activity is occurring nearby does not establish that a defendant was knowingly associating with persons engaged in such activity. “Associate” is defined in Webster’s New Collegiate Dictionary, p. 67 (1980 ed.) as follows: “to join as a partner, friend or companion; to keep company with; to join or connect together; to bring together in any of various ways.”
Thus, in Bland v. State, 896 So.2d 937 (Fla. 1st DCA 2005), the First District held that the evidence that the probationer willfully associated with persons engaged in criminal activity was sufficient to support revocation of his probation. The evidence in Bland reflected that the defendant had rented a hotel room in which he and three other people were found together with rolling papers, marijuana, a container with cocaine residue and a scale with cocaine residue. A crack pipe was found in the bathroom which was occupied by the defendant when the officer first arrived at the room. This evidence clearly established that the defendant was keeping company with or had joined with persons engaged in criminal activity.
In the present case, other than the defendant’s awareness of and proximity to the criminal activity for what the deputy labeled as a short period of time, the only evidence tying the defendant to the wrongdoers was the defendant “having conversation” with them. The deputy offered no specifics as to the nature or content of this conversation and the defendant “wasn’t there very long.” The evidence reflected that the defendant did not arrive at the CITGO with the wrongdoers and no evidence was presented that he knew them. Even assuming that the defendant asked for a light for his cigarette, such incidental contact with a person or persons who are engaged in criminal conduct does not establish an association with such person or persons.
The State correctly points out that it is up to the trial court to weigh the evidence and assess the credibility and demeanor of the witnesses. See Russell v. State, 982 So.2d 642 (Fla.2008). The trial court likewise could reject the defendant’s version of what occurred. See Davis v. State, 796 *1255 So.2d 1222 (Fla. 4th DCA 2001). However, even rejecting the defendant’s version of events does not affirmatively establish the requisite association in this case between the defendant and the wrongdoers. A willful and substantial violation of probation was not established by the greater weight of the evidence. We therefore reverse and remand for reinstatement of the probation.
REVERSED AND REMANDED.
ORFINGER and TORPY, JJ., concur.