JACOBUS, J.
 

 Dean William Grannemann’s probation was revoked based on his failure to complete a drug treatment program and his failure to report to his probation officer as instructed. However, the only evidence supporting his failure to complete drug treatment was hearsay testimony indieat-
 
 *1187
 
 ing that his probation officer had been told by the treating facility that he had been unsuccessfully discharged from its program. Such evidence is insufficient in itself to support a finding of a violation of probation.
 
 See Davis v. State,
 
 831 So.2d 792, 793 (Fla. 5th DCA 2002). Further, the State failed to offer any evidence that Grannemann was “in some manner responsible” for his discharge from drug treatment.
 
 See Rubio v. State,
 
 824 So.2d 1020, 1022 (Fla. 5th DCA 2002) (“When a defendant’s probation is sought to be revoked because of his failure to successfully complete a designated rehabilitation program, some evidence must be submitted to show that the defendant was in some manner responsible for such failure.” (quoting
 
 Curry v. State,
 
 379 So.2d 140, 141 (Fla. 4th DCA 1980))). Because it is unclear from the record whether the trial judge would have revoked probation and imposed the same sentence based on Grannemann’s failure to report to his probation officer, it is necessary to reverse and remand to allow the court to consider whether that violation alone warrants revocation.
 
 See Orr v. State,
 
 453 So.2d 222, 223 (Fla. 5th DCA 1984).
 

 REVERSED and REMANDED.
 

 SAWAYA and PALMER, JJ., concur.