PER CURIAM.
David Warner appeals the order finding he violated terms of his probation. We agree that the state’s evidence was insufficient to prove a willful violation of either condition cited as a basis for finding a violation. “To establish a violation of probation, the prosecution must prove by a preponderance of the evidence that a probationer willfully violated a substantial condition of probation.” Van Wagner v. State, 677 So.2d 314, 316 (Fla. 1st DCA 1996). See also Del Valle v. State, 80 So.3d 999, 1015 (Fla.2011) (noting “the State must present sufficient evidence of the probationer’s willfullness” before the burden may “be properly shifted to the probationer”). Accordingly, we reverse the revocation order and remand with directions to reinstate the initial probation order.
The state failed to establish Mr. Warner willfully failed to “work diligently at a lawful occupation.” Contrary to the trial judge’s statement that there was no testimony that Mr. Warner could not work, Mr. Warner testified below that he received a monthly payment from the Social Security Administration, in the form of supplemental income, because he could not work. His testimony was unrebutted. Mr. Warner also testified that for at least a portion of the probationary period prior *550 to the filing of the affidavit of violation, he was receiving in-patient treatment at a crisis center after being “Baker Acted” because of a psychotic episode. See, e.g., Davis v. State, 867 So.2d 608, 610 (Fla. 2d DCA 2004) (finding the state failed to establish Davis willfully violated the condition of probation that he “work diligently at a lawful occupation” in part because the state failed to present any evidence that he had not diligently looked for work after he lost the first restaurant job and did not establish why he left his employment with the second restaurant); Winfield v. State, 406 So.2d 50, 52 (Fla. 1st DCA 1981) (“In order to prove violation of the work condition, however, the State must show that failure to maintain or acquire employment was willful and not caused by circumstances beyond the probationer’s control”).
The state also failed to establish that Mr. Warner willfully violated the condition of probation that he complete any recommended psycho-sexual treatment. The probation officer testified that Mr. Warner missed several psycho-sexual treatment sessions because he was hospitalized, and that she felt that Mr. Warner’s psycho-sexual treatment counselor failed to communicate with Mr. Warner’s mental health providers adequately. She testified that Mr. Warner was confused about what he was “really ordered to do” with regard to his psycho-sexual treatment during this period. “ ‘A defendant’s failure to comply with a probation condition is not willful where his conduct shows a reasonable, good faith attempt to comply, and factors beyond his control, rather than a deliberate act of misconduct, caused his noncompliance.’ ” Soliz v. State, 18 So.3d 1094, 1096 (Fla. 2d DCA 2009) (quoting Soto v. State, 727 So.2d 1044, 1046 (Fla. 2d DCA 1999)).
The probation officer’s testimony, the only evidence adduced to prove failure to complete the required psycho-sexual treatment was, moreover, hearsay. See Grannemann v. State, 85 So.3d 1186, 1186-87 (Fla. 5th DCA 2012) (“[T]he only evidence supporting his failure to complete drug treatment was hearsay testimony indicating that his probation officer had been told by the treating facility that he had been unsuccessfully discharged from its program. Such evidence is insufficient in itself to support a finding of a violation of probation.”); Carter v. State, 82 So.3d 993, 994-95 (Fla. 1st DCA 2011) (“Hearsay is admissible at a probation revocation hearing to supplement or explain other, competent evidence, but hearsay alone will not support revocation.”). See also J.B. v. State, 84 So.3d 401, 402 (Fla. 4th DCA 2012) (concluding that because the probation officer did not supervise the appellant during the period of the alleged violation, his testimony was based only on a review of the appellant’s file and the “state was required to move [the] records into evidence under the business records exception to the hearsay rule to substantiate the alleged violations”).
Reversed.
BENTON, WETHERELL, and SWANSON, JJ„ concur.