IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

ISAAC WILLIAMS,

    Appellant,

v.

STATE OF FLORIDA,

    Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-0881

Opinion filed May 19, 2015.

An appeal from the Circuit Court for Leon County.
James C. Hankinson, Judge.

Kevin Robert Alvarez of Anabelle Dias, P.A., Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Michael McDermott, Assistant Attorney
General, Tallahassee, for Appellee.

PER CURIAM.

    Isaac Williams appeals the order revoking his probation and the sentence he

received after the trial court found that he had violated two terms of his probation.

Because the state did not put on sufficient evidence to prove a violation of either condition cited as a basis for revocation, we reverse and remand with directions to reinstate the initial probation order.

The state concedes there is insufficient evidence to support the trial court's finding that Mr. Williams violated condition (5) of his probation, i.e., "failing to live and remain at liberty without violating any law," by possession of cocaine, possession of a controlled substance without a prescription, and possession of narcotic equipment. The state presented no evidence that Mr. Williams was in actual or constructive possession of contraband or, indeed, that he was aware that contraband was present in the vehicle in which he was a passenger. See Player v. State, 949 So. 2d 306, 306-07 (Fla. 1st DCA 2007).

The state argues, however, that there is sufficient evidence to support the trial court's finding that he violated condition (6) of his probation, forbidding "associating with persons engaged in criminal activity." But the state also failed to present any evidence that Mr. Williams knew he was associating with someone engaged in criminal activity. The policeman who stopped the vehicle testified that Mr. Williams entered the vehicle only a minute and a half before he pulled the car over, and that the firearms and other contraband the officer found concealed in the vehicle would not have been visible to Mr. Williams during this brief period.

2

There was, in short, no competent evidence that Mr. Williams was aware of the drugs, drug paraphernalia, or concealed weapons a search of the vehicle turned up.

Although limited use can be made of hearsay in probation revocation proceedings, see, e.g., Carter v. State, 82 So. 3d 993, 994-95 (Fla. 1st DCA 2011) (stating "[h]earsay is admissible at a probation revocation hearing to supplement or explain other, competent evidence, but hearsay alone will not support revocation"), no hearsay evidence, either, was adduced at the revocation hearing that Mr. Williams was aware, prior to the traffic stop, that the driver was engaged, or had previously been engaged, in criminal activity. Nobody aside from appellant and the driver was in the car.

"'To establish a violation of probation, the prosecution must prove by a preponderance of the evidence that a probationer willfully violated a substantial condition of probation.'" Warner v. State, 157 So. 3d 548, 549 (Fla. 1st DCA 2015) (citation omitted). "This means that where the State seeks to establish a violation based upon a defendant's associating with persons engaged in criminal activity, there must be evidence that the defendant was aware those he was associating with were engaged in criminal activity." Knite v. State, 102 So. 3d 691, 693-94 (Fla. 4th DCA 2012).

Reversed and remanded with directions.

BENTON, CLARK, and MAKAR, JJ., CONCUR.