# Third District Court of Appeal

## State of Florida

Opinion filed February 21, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-2024
Lower Tribunal Nos. F15-4991 & F14-24606

_____

**Jose Orta,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Ramiro C. Areces, Judge.

Carlos J. Martinez, Public Defender, and Manuel Alvarez, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Sandra Lipman, Senior Assistant Attorney General, for appellee.

Before LOGUE, C.J., and SCALES and GORDO, JJ.

LOGUE, C.J.

Jose Orta appeals the trial court's order which found that he willfully

violated a condition of his probation by associating with a person engaging

in criminal activity. He argues that the trial court did not have competent substantial evidence to support its finding. We disagree and affirm.

## BACKGROUND

The trial court sentenced Orta to seven years of probation after he pled guilty to several crimes. While he was on probation, Orta's probation officer filed an affidavit attesting that Orta violated a condition of his probation – associating with a person engaged in criminal activity. The trial court held an evidentiary hearing to decide the issue.

At the hearing, the State submitted evidence of the violation, which included testimony from police officer witnesses. The officers' testimony can be summarized as follows.

The officers were on patrol when they walked down an alleyway alongside an apartment building. Behind the building, in its parking lot, they encountered Orta and a man named Daniel Machado sitting in a group, "shoulder to shoulder," with only one person between Orta and Machado. As the officers approached, they heard the group chatting and observed Machado holding a glass pipe while using a pushrod on that pipe. One of the officers testified that based on his training and experience, Machado was using the pushrod to either push a rock of cocaine into the glass pipe, which he believed was a crack pipe, or clean out the pipe to prepare it for another

2

rock. As the officers approached, Orta spotted them and yelled out, "[Y]o, la policia." The officers then saw Machado look at them and move the hand that held the pipe.

Based on this evidence, the trial court found that Orta willfully violated a condition of his probation by associating with Machado while he was engaging in a crime. Orta timely appealed.

## ANALYSIS

We review the trial court's finding that Orta willfully associated with a person engaged in criminal activity by evaluating whether the finding is supported by competent substantial evidence. Savage v. State, 120 So. 3d 619, 621 (Fla. 2d DCA 2013).

Association is akin to companionship. See Holmes v. State, 988 So. 2d 1252, 1254 (Fla. 5th DCA 2008). Although the type of conduct that establishes association is varied, generally association exists if a defendant spends a reasonably long time with someone and the defendant is comfortable around the other person. For an association to be willful, a defendant needs to be "aware" that the individual he is associating with is engaged in criminal activity during the association. See Williams v. State, 163 So. 3d 1257, 1258 (Fla. 1st DCA 2015).

The evidence presented here was competent and substantial enough to show that Orta associated with Machado and that he was aware of Machado's criminal activity while they were associating – particularly since the standard of proof in a probation violation hearing is a preponderance of the evidence. See Cunningham v. State, 795 So. 2d 219, 220 (Fla. 4th DCA 2001) ("While the burden is on the state to prove by a preponderance of the evidence that appellant's violation of the condition of probation was willful and substantial, it is a question of fact that will not be overturned on appeal unless there is no evidence to support the decision.").

First, Orta and Machado were seen sitting together, chatting, in a parking lot behind an apartment building. This fact lends itself to the inference that Orta planned to meet Machado there. This is because people do not typically just stroll into an apartment building's parking lot and then sit around there, particularly if the lot is behind the building. Typically, they are only there for a brief period to park and then go inside the building because that is a parking lot's purpose. Because Orta was back there, chatting, this lends itself to the inference that he was not there to park, but to meet the other people there. Additionally, the fact that Orta was sitting supports a reasonable inference that Orta's presence was not momentary or fleeting.

Also, importantly, Orta yelling out that police officers were approaching shows that Orta was concerned about those in earshot and wanted to protect them from the police because he knew they were engaging in criminal activity.

Plus, Orta was sitting "shoulder to shoulder" along with Machado who was openly displaying a crack pipe – showing not only an awareness of what Machado was doing, but also a level of comfort with someone holding drug paraphernalia that one would not normally have with a stranger.

We further note that the facts before us are distinguishable from Holmes v. State. In Holmes, the Fifth District held that evidence of a defendant exiting a gas station with snacks in hand and stopping to speak for several minutes to a group of alleged criminals outside the gas station was insufficient to show a willful association with them. 988 So. 2d at 1254. There, the evidence showed that the defendant could have gone to the gas station for a multitude of reasons, in particular just to grab a snack. The brief period that the defendant was there was also notably insufficient to show an association and there was no evidence presented that the defendant knew who the alleged criminals were prior to the interaction. Here, to the contrary, the evidence shows that Orta intended to be where he was, that he was there for more than a fleeting period of time, and that he knew Machado.

5

So, although the evidence of Orta's willful association with Machado is circumstantial, drawing all reasonable inferences from this evidence and reviewing it under the preponderance of the evidence standard, it makes for competent substantial evidence supporting the trial court's finding of Orta's willful association with Machado. See Francois v. State, 923 So. 2d 1219, 1220 (Fla. 3d DCA 2006) ("Willfulness may be proven by circumstantial evidence.").

Affirmed.